# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| REGINA WALKER, o/b/o R.W., | : : : | |
| Claimant, | : : | |
| v. | : : | CASE NO. 3:09-CV-133- CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL ASTRUE, Commissioner of Social Security, | : : : | |
| Respondent. | : : | |

## **REPORT AND RECOMMENDATION**

Regina Walker filed for supplemental security income ("SSI") on behalf of her minor daughter. The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's[1] application for supplemental security income, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Ms. Walker contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial

---

[1] "Claimant" refers to the minor child R.W.

evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[2] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations,

---

[2] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i). Therefore, eligibility depends upon the presence of "marked and severe functional limitations." A sequential evaluation process is used to determine if the child meets the statutory definition of disability. 20 C.F.R. § 416.924, *et seq.* Step one requires the ALJ to determine whether the child is engaging in substantial gainful activity. If so, then the claim is denied. Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments, defined as more than a slight abnormality and causing more than minimal functional limitations. If not, then the claim is denied.

Step three requires the ALJ to decide whether the impairment is medically or functionally equivalent to impairments described in the listings of the regulations. To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations. 20 C.F.R. § 416.926a(a). A limitation is "marked" when the child's impairment or impairments seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). When

measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean." *Id.* An "extreme" limitation causes very serious interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean." *Id.* § 416.926a(e)(3)(I).

## ISSUES

I. **Is the ALJ's determination that Claimant does not suffer from a severe psychological impairment supported by substantial evidence?**

II. **Did the Appeals Council err in failing to remand the case based on new evidence submitted on appeal?**

## Administrative Proceedings

On July 30, 2002, Regina Walker filed for supplemental security income (SSI) on behalf of Claimant alleging that Claimant had been disabled since July 7, 1997, Claimant's fifth birthday. (Tr. 33, 52.) The claim for SSI was denied initially and on reconsideration. (Tr. 35-38; 44-47.) A hearing was requested and conducted by an ALJ on August 5, 2008. (Tr. 48.) On August 28, 2008, the ALJ issued an unfavorable decision. (Tr. 14-23.) Ms. Walker requested that the Appeals Council review the decision, which request was denied on October 30, 2009. (Tr. 3-5.) This appeal followed.

## Statement of Facts and Evidence

Ms. Walker filed for SSI on behalf of Claimant asserting that the disabling illnesses suffered by Claimant were "asthma, sinsus (sic) and overweight." (Tr. 62.) Additionally, Ms. Walker stated in the application for SSI that the resulting limitations on daily activities

4

related solely to Claimant's ability to breathe and her weight. (Tr. 62, 70.)

After consideration of the written evidence and the hearing testimony in this case, the ALJ first determined that Claimant was a school age child when the application was filed and when the decision was made. (Tr. 17.) Next, the ALJ found that Claimant had not engaged in substantial gainful activity at any time relevant to the decision. (Tr. 17.) The ALJ also concluded that Claimant had the severe impairment of bilateral plantar fascitis, but that this impairment—or any combination of her impairments—did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17.) The ALJ then found that Claimant had the residual functional capacity ("RFC") to perform sedentary work, except that the Claimant would be limited to unskilled work activity which does not require interacting with the general public. (Tr. 12-15.) Considering each of the six functional domains, the ALJ determined that the Claimant did not have an impairment or combination of impairments that functionally equals the listings in 20 C.F.R. §§ 416.924(d) or 416.926a. (Tr. 17-23.) Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. (Tr. 23.)

## DISCUSSION

### I. Is the ALJ's determination that Claimant does not suffer from a severe psychological impairment supported by substantial evidence?

Ms. Walker first asserts that the ALJ erred in not finding that the Claimant suffered from a severe psychological impairment which rendered Claimant disabled and entitled to receive SSI benefits. However, Ms. Walker did not list on the SSI application that Claimant

5

had any psychological impairment.[3] While the record contains numerous references to various behavioral and psychological problems, no treating physician at any time diagnosed Claimant as having a disabling mental or psychological impairment.

The record shows that Ms. Walker sought assistance with Claimant's behavioral and health problems through two social/medical service agencies, Advantage Behavioral Health System (hereafter "ABHS") and Athens Neighborhood Health Center (hereafter"ANHC"). Claimant was treated at various times by ANHC from shortly after birth (Tr. 200) through March 2008. (Tr. 345.) In her brief filed in this appeal, Ms. Walker references medical records from ANHC noting that Claimant had chronic, frequent, and significant problems with asthma and respiratory infections, dermatitis and obesity. (R. 14 at 4.) Ms. Walker states that Claimant had fatigue, weight gain, insomnia and what Ms. Walker characterizes as a "host of intermittent problems." (R. 14 at 4.) While Ms. Walker also asserts that Claimant "struggles with depression and anxiety" (R. 14 at 4), Ms. Walker points to no particular medical note or record entry by ANHC throughout the nearly sixteen year history of clinical contacts to support her contention.

A careful review of the ANHC records shows an annotation on August 9, 2005,

---

[3] As mentioned above, Ms. Walker completed a "Disability Report-Child" (Tr. 61-71) and specified in Section 3 that the disabling illnesses suffered by Claimant were "asthma, sinsus (sic) and overweight." (Tr. 62.) Ms. Walker also stated in subsection B that the resulting limitations on daily activities related solely to Claimant's ability to breathe and to her being overweight. (Tr. 62.) In the "Function Report" filed by Ms. Walker, she does mention that Claimant has comprehension and retention problems, self-esteem problems, and difficulties making friends. (Tr. 79-84.) Ms. Walker, however, never specified a psychological impairment in the application.

describing Claimant as a "healthy overweight 13 y/o." (Tr. 350.) Claimant presented again at ANHC on May 31, 2007, with a complaint of anxiety and a rash on her chest with chest pain. The clinical note indicates a primary diagnosis of asthma and includes "depression/ anxiety" with a referral recommended for a psychiatric follow-up. (Tr. 346.) The final entry in the record on appeal from ANHC is dated December 3, 2007, and refers to complaints of insomnia and fatigue, but further notes that Claimant is a basketball player and notes a date certain for the onset of sexual activity. (Tr. 345.) An annotation is made to ABHS in an apparent reference to the recommended psychiatric follow up from May 31, 2007; however, the note says that Claimant "stopped going to Advantage b/c doesn't like talking." (Tr. 345.)

The record thus establishes that the primary health care provider for Claimant throughout her life made only two anecdotal references over a sixteen-year period to what Ms. Walker alleges to be a disabling psychological impairment suffered by Claimant since age five. No physician, psychologist, therapist or counselor employed by ANHC found Claimant to have disabling mental impairments of any classification at any time during the extended treatment period. The finding by the ALJ that "[t]he record is void of any evidence that the claimant had any impairment which significantly limited her ability to function[]" (Tr. 18), and that Ms. Walker had therefore failed to carry her burden of proof is clearly supported by substantial evidence. *See East v. Barnhart,* 197 F. App'x 899, 902 (11th Cir. 2006) (discussing claimant's failure to raise issues and sufficiently meet burden of establishing impairments and their severity); *Jones v. Apfel,* 190 F.3d 1224, 1228 (11th Cir. 1999).

7

Regarding the treatment provided to Claimant by ABHS, Ms. Walker asserts in her brief nothing more than the mere fact that a diagnosis of moderate depression was made. (R. 14 at 4, 14.) Ms. Walker provides no additional assertions of the manner in which the diagnosed disorder of moderate depression impaired Claimant nor how the ALJ failed to adequately consider such evidence. Ms. Walker concedes that the prescribed course of treatment for the moderate depression was medication for depression (Zoloft) and anxiety (Vistaril).

A thorough parsing of the record, including those exhibits presented at the Appeals Counsel, shows that on clinical presentation at ABHS dated September 19, 2008, Claimant was "oriented X4" and had normal affect, thought, and appearance with no suicidal/homicidal risk. (Tr. 449.) She was also noted as cooperative with full overall symptom improvement on medication with no side effects and reported "feeling better" and "resting better." (Tr.449.) Approximately three weeks later, on October 3, 2008, the clinician found claimant to be "unremarkable" as to affect, mood, thought, orientation, and behavior and noted decreased anxiety. (Tr. 445.) During the period of time when Claimant was a patient of ABHS, no care provider diagnosed any disabling mental impairment and the finding of the ALJ that "the substantial weight of the opinion evidence from her physicians . . . does not indicate that Claimant is disabled" (Tr. 19), is amply supported by substantial evidence considering the record as a whole.

In seeking SSI benefits for Claimant, Ms. Walker relies primarily on a single consultative evaluation done by Harvey Gayer, Ph.D., a licensed clinical psychologist, on

April 19, 2004, and the results of a teacher questionnaire which Ms. Walker asserts is consistent with Dr. Gayer's findings. (R. 14 at 14-15.) As a result of his evaluation, Dr. Gayer found Claimant to have "marked" limitations in two areas of development and functioning— interacting and relating with others and health/physical well-being. (Tr. 417-418.) Ms. Walker correctly notes that Dr. Gayer administered ten different assessments which employed professionally accepted techniques and standardized tests in his evaluation of Claimant. (R. 14 at 14). However, a careful review of the clinical notes submitted to the ALJ and included in the record on review indicates that objective test results did not find marked limitations in either of the two designated areas. The two mental impairments most consistently asserted by Ms. Walker (though neither was listed as a disabling impairment at the time of the application) are depression and anxiety. After administering the Beck's Depression Inventory and Beck's Anxiety Inventory, Dr. Gayer found that Claimant presented with only a mild level of anxiety and a minimal level of depression. (Tr. 416.) He further noted that the Claimant, in the extensive testing he performed, "did not endorse any items indicative of significant problems." (Tr. 416.) Because he found the extensive test results to be inconsistent with his interview of the Claimant, Dr. Gayer nonetheless found her to have less than marked limitations in attending and completing tasks (with a note of "difficulty with attention"), marked limitations in interacting and relating with others (with a note of "depressed mood-see evaluation") and marked limitations in health/physical well-being (with a note again of "depressed mood-see evaluation" and "psychotic symptoms"). (Tr. 417-418.) Because the thorough testing of Claimant, with what Ms. Walker concedes

9

to be ten professionally recognized diagnostic tests, resulted in objective evidence of only mild anxiety and minimal depression, the decision of the ALJ to reject the contrary conclusion of the consultative psychologist and find that Claimant had no severe impairment in her mental abilities is supported by substantial evidence.

Considering the record as a whole and the consistent clinical observations of Claimant over a number of years by ANHC that Claimant was routinely oriented to person, place and time with logical thought processes and focused thought content, intact memory and average intelligence, substantial evidence supports the decision of the ALJ that Claimant has no severe mental impairment. The ALJ adequately considered such evidence and properly discounted the findings of a one-time consultative examiner who drew his conclusions almost exclusively based on his interview of Claimant and despite the results he obtained from widely used objective testing. *See Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 849-51 (11th Cir. 2006).

Ms. Walker further urges that a teacher questionnaire establishes that Claimant is disabled due to a mental impairment. There are two teacher questionnaires in the record. (Tr. 111-118, 423-430.) The ALJ weighed and considered the response provided by the teacher in the questionnaire from April 21, 2008, and found that the Claimant had only slight difficulty in acquiring and using information, attending and completing tasks, interacting and relating with others and caring for herself. The ALJ properly noted in his decision that the teacher did not find it necessary to employ behavior modification strategies in teaching Claimant and found her to be of average intelligence with no unusual absenteeism. (Tr. 18,

10

114). The teacher questionnaire responses from April 29, 2009, are consistent with those from the earlier questionnaire and do not require a revisiting of the ALJ's decision. (Tr. 423-430.)

As the discussion above indicates, the ALJ fully considered all the evidence and determined that Claimant does not suffer from a severe psychological impairment. This determination is supported by substantial evidence and Claimant's assertion regarding this issue is without merit. The Commissioner's determination that Claimant does not have a severe psychological impairment should therefore be affirmed.

**II. Did the Appeals Council err in failing to remand the case based on new evidence submitted on appeal?**

Ms. Walker asserts in her second enumerated error that the Appeals Council failed to remand this case to the ALJ in light of the additional evidence provided in these questionnaires. As mentioned above, a thorough review of the additional records does not support her contention. *See Poellnitz v. Astrue,* 349 F. App'x 500 (11th Cir. 2009) (explaining that the Appeals Council must only consider "new, material, and chronologically relevant evidence and must review the case if the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record") (citing 20 C.F.R. § 404.970(b)). All evidence contained in the record before the Court has been considered in reaching the conclusion that the Ms. Walker has failed to carry her burden of proving Claimant's disability for any mental or physical reason.

The two teachers had Claimant as a student at different times and for different periods

of time and neither found her to be less than of average intelligence or to have other problems other than episodes of frustration specific to school tasks and assignments. (Tr. 111-118, 423-430.) No evidence is provided in the additional questionnaire that Claimant needed special educational services. (Tr. 423-430.) Although Ms. Walker appears to have abandoned in her brief any further assertion that Claimant has a physical disability, the ALJ found a severe impairment related to Claimant's painful feet as a result of plantar fascitis and all steps of the sequential process were thereafter performed. Having considered the record as a whole and having further reviewed and considered that additional information provided to the Appeals Council in the teacher questionnaire and additional records of mental health care recommending a need for weekly counseling as a result of a purported suicidal ideation, the decision of the ALJ should be AFFIRMED. *See generally Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253 (11th Cir. 2007).

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that this case be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 23rd day of November, 2010.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE
